IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>10 S. Howard Street, 3rd Floor<br>Baltimore, Maryland 21201<br><br>    Plaintiff,<br><br>v.<br><br>BRANCH BANKING & TRUST CO.,<br><br>919 Frederick Road<br>Baltimore, Maryland 21228<br><br>    Defendant. | Civil Action No.<br><br><u>COMPLAINT & JURY TRIAL DEMAND</u> |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Lucinda Watkins, a long-term employee who was adversely affected by such practices. The Commission alleges that Ms. Watkins, a black female, worked as a senior teller for Defendant and enjoyed a favorable performance record. Several years into her employment, Ms. Watkins applied for a promotion to the position of Teller Coordinator, later re-named to Teller Supervisor, and Defendant denied to her the opportunity to interview for this position, which it eventually awarded to a lesser qualified white employee. Around the time when Ms. Watkins believed she was to be interviewed for the promotion, Defendant instead terminated her.

Defendant's refusal to interview Ms. Watkins, its refusal to promote her, and its termination of her were because of her race.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C., Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Branch Banking & Trust Co. ("Defendant Employer") has continuously been a North Carolina corporation doing business in the State of Maryland, and the city of Catonsville, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lucinda Watkins filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September, 2005, and continuing throughout the duration of employment and to the present, Defendant has engaged in unlawful employment practices in violation of Section 703(a) Title VII, 42 U.S.C. Section 2000e-2(a). These practices include the following:

    a. denying to Lucinda Watkins, the only black employee in the Catonsville, Maryland facility, equal terms and conditions of employment by refusing to interview her for the position of Teller Coordinator, later re-named to Teller Supervisor, based on her race;

    b. denying to Ms. Watkins, the position of Teller Coordinator, later re-named to Teller Supervisor, based on her race, despite her strong employment history with Defendant; and

    c. terminating Ms. Watkins in May, 2006, based on her race.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Lucinda Watkins and other black employees of equal employment opportunities and otherwise adversely affect their status as employees because of race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Lucinda Watkins.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race, in violation of Section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for black employees and which eradicate the effects of Defendant's past and present unlawful employment practices, including an order requiring Defendant to provide training to its workforce which will ensure that employment decisions are carried out in a race-neutral manner.

C. Order Defendant Employer to make whole Lucinda Watkins by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, an offer of reinstatement, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant Employer to pay Lucinda Watkins punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Lucinda Watkins by providing compensation for pecuniary losses, including job search expenses.

F. Order Defendant Employer to make whole Lucinda Watkins by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, in amounts to be proven at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE MCNAIR
Regional Attorney
(signed by Debra Lawrence with permission of Jacqueline McNair)

DEBRA M. LAWRENCE, Bar. No. 04312
Supervisory Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2734
Fax: (410) 962-4270